DARNELL-TAENZER LUMBER CO. et al. v. SOUTHERN PAC. CO. et al.

(Circuit Court, W. D. Tennessee, W. D. August 17, 1911.)

No. 4,068.

1. COMMERCE (§ 95*)—EXCESSIVE CHARGES BY INTERSTATE CARRIER—ACTION FOR DAMAGES.

The interstate commerce act (Act Feb. 4, 1887, c. 104, §§ 14, 16, 24 Stat. 384 [U. S. Comp. St. 1901, pp. 3164, 3165]), as amended by Act June 29, 1906, c. 3591, §§ 3, 5, 34 Stat. 589, 590 (U. S. Comp. St. Supp. 1909, pp. 1157, 1159). provide that the Interstate Commerce Commission shall make a report in writing in respect to its investigation into the reasonableness of rates, and that "in case damages are awarded such report shall include the findings of fact on which the award is made." They authorize the commission on a determination that a party complainant is entitled to an award of damages against a carrier because of the charge and collection of excessive rates in violation of the act to make an order directing the payment of such damages on or before a day named, and provide that, on a failure to comply with such order, the complainant for whose benefit it is made may file a petition in a Circuit Court "setting forth briefly the causes for which he claims damages and the order of the commission in the premises"; that "such suit shall proceed in all respects like other suits for damages, except that on the trial of such suit the findings and order of the commission shall be prima facie evidence of the facts therein stated." Held, that such provisions do not make the order prima facie evidence in such suit of the liability of the carrier, but only of the facts stated in the order and findings. and that it was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the province of the court to determine whether such facts sustained the order.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 95.*]

2. COMMERCE (§ 95*)—EXCESSIVE CHARGES BY INTERSTATE CARRIER—RECOVERY OF DAMAGES—AWARD BY INTERSTATE COMMERCE COMMISSION.

An order of the Interstate Commerce Commission awarding damages to a complainant against railroad companies is not sustained by findings that the carriers charged a rate on lumber shipped by the complainant which was excessive and unreasonable to the extent of the damages awarded, where it is also found that the complainant added the increased freight to the price of the lumber and the same was paid by the consumer, and it is not found that the freight was in fact paid by the complainant, or that it in any way suffered actual damage from the excessive rate.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 95.*]

At Law. Action by the Darnell-Taenzer Lumber Company and others against the Southern Pacific Company and others. On demurrer to the declaration. Demurrer sustained.

Percy & Hughes, for plaintiffs.

Chas. N. Burch, H. Dent Minor, Lamar Ross, F. C. Dillard, Robt. Dunlap, Sam. P. Walker, and J. W. Canada, for defendants.

McCALL, District Judge. This case is before the court upon a demurrer to the declaration.

It is alleged in the declaration that on June 2, 1908, the Interstate Commerce Commission filed its report in the case then pending before it of "Geo. D. Burgess et al. v. Transcontinental Freight Bureau et al., No. 1138, 19 Interst. Com. Comm. R. 611," adjudging that a rate of 85 cents per 100 pounds on hardwood lumber from all points west of Chicago and the Mississippi river, including Chicago, Memphis, and other points mentioned in the declaration, to Pacific Coast terminals, was excessive and unreasonable, and had been so from January 8, 1904, the date of the advance. Thereupon the commission caused an order to be entered directing the carriers who were parties to this excessive and unreasonable tariff to put in force a tariff rate not to exceed 75 cents per 100 pounds from such points of origin to such points of destination. This order of the commission has been complied with.

It is alleged that said commission further found that the defendants should make reparation to the plaintiffs of all sums collected from them in excess of 75 cents per 100 pounds between the date of June 8, 1907, and August 1, 1908, and the case was "retained for further proceedings in the matter of reparation." And thereafter, on the 10th day of October, 1910, the commission filed a report and an order fixing the amount of the reparation for each of the plaintiffs against certain of the defendants therein, all of which said several shipments, as so reported, it is alleged were actually made, and said illegal sums actually collected by the said several defendants, each of whom is jointly and severally liable for the amount as reported by the commission. Then follows the amount of the award to each of the plaintiffs and against one or more of the defendants, and an order to pay the

same. It is then averred that said sums have not been paid to the plaintiffs, and are due and owing to them, respectively, with interest. The following appears in the declaration: "Profert is here made of a certified copy of said report." At the hearing some uncertainty seemed to exist as to just what report was referred to by this clause, and it was then agreed and understood that it should be treated as making the report and order of the commission made June 2, 1908, and the report and order made October 10, 1910, a part of the declaration, and I have so considered them.

[1] There are seven grounds of demurrer assigned, but all of them, I think, are in effect included within the first, which is that "the declaration fails to state any cause of action," and I shall consider and dispose of the case as if it were the only ground of demurrer assigned, treating the other grounds assigned for whatever they may be worth in more specifically stating why in the opinion of the pleader no cause of action is alleged in the declaration. This is a statutory action, and the sufficiency of the declaration upon demurrer must be determined by the act of Congress to regulate commerce, as amended, under which it is brought, and, if the court should be of opinion that no cause of action is stated in the declaration, when measured by the requirements of that act, then the demurrer should be sustained. An investigation has been made by the Interstate Commerce Commission as authorized by the thirteenth section of said act. Under the fourteenth and fifteenth sections of said act the commission has found and reported that the tariff rate of 85 cents per 100 pounds on hardwood lumber from the points hereinbefore stated to the Pacific Coast terminals was excessive and unreasonable to the extent of 10 cents on the 100 pounds, and ordered its reduction. It also awarded reparation to the plaintiffs in this case, and directed the defendants herein to pay the same on or before a day certain. This the defendants failed to do, and under the sixteenth section of said act they have brought this suit to recover said awards.

Section 14 of said act provides, among other things, that, when an investigation has been made by the commission, it shall state its conclusions, together with its decision, order, or requirement in the premises, "and in case damages are awarded such report shall include the findings of fact on which the award is made." Section 16 of said act provides, among other things, that, if the carrier does not comply with the order of the commission for the payment of money within the time limit in such order, the person for whose benefit such order was made may sue the carrier in the Circuit Court of the United States, setting forth briefly in his petition the causes for which he claims damages and the order of the commission in the premises, and "such suit in the Circuit Court of the United States shall proceed in all respects like other civil suits for damages, except that on the trial of such suit the finding and order of the commission shall be prima facie evidence of the facts therein stated."

From the facts before it the commission concluded that the plaintiffs here are entitled to damages, and it awarded them, and by its order directed these defendants to pay them, and it is so alleged in

the declaration. If the conclusions or orders of the commission were by the act made prima facie evidence of the liability of the defendant, then the declaration is sufficient. But such does not seem to be the case. The act provides that the report of the commission shall include the findings of fact only in cases in which awards for damages are made and that such findings of fact and orders of the commission shall be prima facie evidence of the facts therein stated upon the trial of a suit in the United States Circuit Court brought to recover such awarded damages. "The act does not make the mere legal opinions, arguments or reasons of the commission prima facie evidence or evidence of any kind in any judicial proceedings." Western New York Ry. v. Penn. Refining Co., 137 Fed. 350, 70 C. C. A. 23. Nor does the awarding of reparation necessarily follow a finding by the commission that a rate is excessive and unreasonable, and as a consequence orders its reduction. Farmers' Warehouse Co. v. L. & N. Ry. Co., 12 Interst. Com. Comm. R. 520; Anadarko Cotton Oil Co. v. A. T. & S. F. R. Co., 20 I. C. C. Rep. 43.

It is true that the word "order" is not used in the excerpt just quoted from 137 Fed., 70 C. C. A., yet I think a proper construction of the terms "legal opinions, arguments or reasons of the commission," employed by the court, when taken in connection with the act of Congress under consideration, is that the orders of the commission likewise are not prima facie evidence on the question of liability in a judicial proceeding. This must be so for two reasons: First. If the Congress intended that the order making the award should be taken as prima facie evidence of the liability of the carrier, then it would seem that it did a useless thing in requiring the commission by the terms of the act to make findings of facts in cases wherein awards for damages are allowed. The courts cannot presume that the Congress by legislation requires the citizen or official to do useless things. Second. If the order of the commission making an award is given the force of a probative fact, and taken as prima facie evidence of the liability of the carrier, then (as in the case before the court) a condition might arise where, in the opinion of the court, the order of the commission is not warranted by any facts found and reported by it upon which it is presumed the order of award is predicated, and the court would be unable to pronounce judgment for the plaintiff, even if no defense was interposed. In such a case the court would be at a loss to know whether it should be controlled by the facts reported or the order made by the commission in pronouncing its judgment.

In providing in section 16 of the act to regulate commerce that in suits of this character the party aggrieved shall file his petition setting forth the causes for which he claims damages, and the order of the commission in the premises, and that on trial of the case the findings of fact and the order of the commission shall be prima facie evidence of the facts therein stated, Congress intended to provide a method for getting before the court the exact facts found by the commission and also the order made by the commission based upon such facts so found, to the end that the court might upon the face of the declaration or petition adjudge whether or not the order made by the

commission was sustained by the facts reported. If the court so found, then the petitioner would be entitled to a verdict and judgment, unless the carrier, upon proper pleadings filed and evidence introduced before the court, met and overcame this presumption against him. In this, as in other character of suits, each case must be decided upon its own facts, and, since parties to a suit at law cannot be denied the right of trial by jury, Congress, doubtless to save sections 14 and 15 from constitutional objection, wisely provided that the commission should in cases of award include within its report the findings of fact, and makes this finding of fact in suits brought to recover such awards, as provided for in section 16 of the act, prima facie evidence of the correctness of the action of the commission in awarding reparation. My conclusion is that any order of award, conclusion, opinion, or argument of the commission must be eliminated in determining the sufficiency of the declaration. It is only facts found by the commission and alleged in the declaration that can be considered in deciding whether or not a cause of action is stated.

[2] Now, what are the facts alleged in the declaration as causes, for which damages are claimed, including the reports made by the commission, and which are made a part of the declaration? In the report made by the commission June 2, 1908, in so far as I am able to discern, the facts found are as follows:

"That on January 8, 1904, the freight rate on hardwood timber shipped to the Pacific Coast terminals from all points west of Chicago and the Mississippi river, including Chicago and Memphis, and certain other points, was increased from 75 to 85 cents per 100 pounds; that this rate was excessive to the extent of 10 cents on the 100 pounds; that hardwood lumber has moved to the Pacific Coast in larger quantities since the rate was advanced in 1904 than it did previously. The use of hardwood upon the Pacific Coast has very much increased. Importations from foreign countries have been greater and shipments from the East have also grown. The amount of lumber sent west from these points of origin is insignificant in comparison with the total amount handled, and the price is but little influenced by the market upon the Pacific Coast. The dealer in Wisconsin or at Memphis has charged substantially the same price whether his sales were in the East or for export and for shipment to California, and this means, of course, that the advance in the freight rate has been added to the price paid by the consumer."

It appears from the report that the defendants insisted before the commission, as here, that these facts did not entitle plaintiffs to an award of damages, but under the word "damage," as defined by the commission, it was of the opinion that damages should be awarded and so ordered and fixed the measure of damages to be the difference between a 75 and 85 cent rate, and limited it to shipments made between the dates of June 8, 1907, and August 1, 1908, with interest. The supplemental report of the commission, filed October 12, 1910, contained no additional finding of facts other than the amounts of the awards authorized under its former report filed June 2, 1908.

The declaration does not aver that the plaintiffs paid this excessive and unreasonable rate, nor that either of them was damaged thereby. It avers that the commission found that the defendants should make reparation to them of all sums collected from them in excess of 75 cents per 100 pounds between June 8, 1907, and Au-

gust 1, 1908, without alleging that in point of fact the defendants had collected any sum from them whatever. It is also averred that the commission found the amounts stated in the declaration to be due the plaintiffs and that said alleged sums were collected by the defendants. The commission in its report does not state directly or indirectly that it finds as a fact that either one, any, or all of the plaintiffs paid any part of the excessive rate, but it does report as a fact that the dealers (meaning the plaintiffs) added the increased freight rate to the price of their lumber, and that it was paid by the consumer. The record shows that the reparation awarded by the commission was the amount of the difference between the rate actually paid and the rate of 75 cents, the rate found to be reasonable.

Upon what principle of law it can be said that these plaintiffs are entitled to recover this award, unless they actually paid all or a part of the excessive rate, I am at a loss to know. They do not allege that they paid it, nor did the commission so find as a fact. The grounds upon which the awards seemed to have been made are that the defendants had collected an unreasonable amount for hauling lumber to California from Mississippi river points, and they should not be permitted to retain it, that complainants were entitled to a reasonable rate for such transportation, and that because the defendants maintained an excess freight rate the complainants were thereby deprived of a legal right, and the value of such legal right was the difference between a reasonable and an unreasonable freight rate, although the commission fail to find, as a fact, nor does the declaration aver, that the plaintiff paid it or that they are damaged thereby.

In Nicola, etc., v. L. & N. R. R. Co., 14 Interst. Com. Comm. R. 208, the commission says:

"The commission is confined in the making of award for reparation to the injury or damages sustained by those who are the real and substantial parties at interest in the transaction in which said transportation charges have been made. The reparation is due to the person who has been required to pay the excess charge as the price of transportation. It follows that we must in making the order for reparation in this case upon proper proof of the shipments make such order in favor of those who paid the charges as freight charges or on whose account the same were paid and who were the true owners of the property transported during the period of transportation."

I think that it should be averred in the declaration or shown by the report of the commission that it found the facts to be that the plaintiffs paid this excessive and unreasonable rate and that they were damaged thereby, or they should aver such a state of facts as would show that they were damaged because of such unreasonable rate or that they are the owners of the claim by proper assignment from the parties who did pay it and are entitled to recover therefor.

I do not think the declaration contains such averments in terms nor in substance, nor the equivalent thereof, and I therefore sustain the demurrer, and dismiss the suit. Plaintiffs may have 15 days to amend their declaration, if they be so advised. An order will be entered accordingly.