SOUTHERN PAC. CO. et al. v. DARNELL–TAENZER LUMBER CO. et al. (Circuit Court of Appeals, Sixth Circuit. February 18, 1916.) No. 2838. In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge. Action by the Darnell-Taenzer Lumber Company and others against the Southern Pacific Company and others. Judgment for plaintiffs, and defendants bring error. Affirmed. Charles N. Burch and H. D. Minor, both of Memphis, Tenn. (Fred H. Wood, of New York City, and Robert Dunlap, T. J. Norton, Blewett Lee, and H. A. Scandrett, all of Chicago, Ill., of counsel), for plaintiffs in error. Allen Hughes, of Memphis, Tenn., for defendants in error. Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

PER CURIAM. This case is here a second time. It is an action by several shippers against several railway carriers, to recover reparation awarded by the Interstate Commerce Commission on account of excessive freight rates ex-

acted and paid. At the first trial verdict was directed and judgment entered for defendants. (C. C.) 190 Fed. 659. On review by this court the action of the trial court was defended on the ground of lack of evidence that plaintiffs had suffered damages. We held not only that there was substantial evidence of actual damage presented, but that, as the record stood, plaintiffs were entitled to direction of verdict in their favor for the amount of the alleged excessive freights, provided the jury should find the rates in effect unreasonable and excessive. We accordingly reversed the judgment of the District Court, and remanded the cause with directions to award a new trial: Darnell-Taenzer Lumber Co. v. Southern Pacific Co., 221 Fed. 890, 137 C. C. A. 460. Upon the new trial the jury found the old rate (85 cents) prevailing during the period of shipments involved to be unreasonable, and the new rate (75 cents) prescribed by the Interstate Commerce Commission to be reasonable, and upon instructions of the trial court rendered verdict for plaintiffs for the amount of such excessive freights. On this verdict judgment was entered, which we are asked to review. It is conceded that the evidence upon the second trial was in all respects identical with that presented on the first trial. The state of the record is such that no practical difference results from the fact that under the present direction the evidence must be taken most strongly in defendants' favor. The questions raised on this review are thus the same as on the former review. The action of the District Judge in denying defendants' requests to charge, and in directing verdict under the jury's express findings as to reasonableness and unreasonableness of the respective freight rates, must therefore be sustained, and the judgment below affirmed, provided our conclusions upon the former review were correct. Since our former opinion there has been no decision by the Supreme Court which throws any light upon the questions here involved. All these questions were fully considered and discussed in our former opinion, to which we now adhere. A rediscussion of these questions on our part would serve no useful purpose. The judgment of the District Court is accordingly affirmed upon and for the reasons stated in our former opinion.